UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MUWAFAQ ALZGHOUL, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES BENZ USA LLC, <br><br> Defendant. | Case No.: EDCV 23-02387-CJC (SPx) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 11]** |

In this case, Plaintiff Muwafaq Alzghoul asserts that Defendant Mercedes Benz USA, LLC violated California's Song-Beverly Act and breached warranties based on his allegations that he "leased a 2022 Mercedes-Benz CLA-Class" that had defects in the electrical system, engine, exhaust system, body system, and suspension system. (*See* Dkt. 1-1 [Complaint, hereinafter "Compl."] ¶¶ 6, 12.) Plaintiff served Defendant with the Complaint on October 11, 2023. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] at 3.) Forty-two days later, on November 22, 2023, Defendant removed the case to this Court. (*Id.*) It acknowledged the usual thirty-day period for removal, but asserted that removal

-1-

was timely because the Complaint did not give notice that the $75,000 amount-in-controversy requirement for diversity jurisdiction was met, and that it learned the requirement was met on October 30, 2023 when counsel reviewed the relevant contract showing that Plaintiff leased the car for payments totaling $86,398.28. (Dkt. 14 [Opposition] at 3; *see* Dkt. 1 [Notice of Removal] at 3 [erroneously stating that Plaintiff purchased the car for that amount].) Defendant calculated the amount in controversy as including $86,398.28 in restitution plus $172,796.56 in civil penalties, and noted that "Consumer Law Experts, the firm representing Plaintiff, is regularly awarded attorneys' fees and costs in excess of $50,000." (NOR at 9 [citing cases in which the firm was awarded fees of $63,998 and $61,416.50].)

Now before the Court is Plaintiff's motion to remand to state court for failure to timely remove. (Dkt. 11.) "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court over which a federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits with more than $75,000 in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a court determines it lacks subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c).

The deadline for a defendant to remove a case from state to federal court is generally thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b)(1)–(b)(2)(A). But "if the case stated by the initial pleading is not removable," a defendant may remove the case thirty "days after receipt . . . of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). A "bright-line approach" based on an "objective analysis of the pleadings" governs removability. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005). Removability is therefore "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. Only when removability is "unequivocally clear and certain" does the Section 1446(b)(3) thirty-day countdown commence. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Plaintiff's Complaint did not make "unequivocally clear and certain" that more than $75,000 is at issue in this case. *See id.* Plaintiff alleges that he "leased a 2022 Mercedes-Benz CLA-Class" on June 10, 2022. (Compl. ¶ 6.) He seeks actual damages, restitution, a civil penalty of two times his actual damages, consequential and incidental damages, and attorney fees, and states that "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000." (*Id.* ¶ 7.) (*Id.* at 8–9.) Removability is not determined "through subjective knowledge" but rather through an "objective analysis of the pleadings," *Harris*, 425 F.3d at 694, 697, and it was "not clear from the four corners of the Complaint that the amount in controversy is met." *Cuevas v. Ford Motor Co.*, 2022 WL 1487178, at *2 (C.D. Cal. May 11, 2022) (denying motion to remand Song-Beverly case regarding allegedly defective leased car based on related timeliness issue); *Holdings v. Ford Motor Co.*, 2022 WL 2235815, at *2 (C.D. Cal. Feb. 22, 2022) (denying motion to remand and rejecting "argument that Defendant was given notice by the case caption page indicating that damages exceeded $25,000" because "[D]efendants need not make extrapolations or engage in guesswork" to determine the basis for removability") (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

The bright-line approach to removability reflects a "[p]refer[ence for] a clear rule" and an "unwilling[ness] to embroil the courts in inquires into the subjective knowledge of a defendant." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013). Adopting Plaintiff's position "would vitiate an express purpose of the 'bright-line approach' to removability—'avoid[ing] the spectre of inevitable collateral litigation over . . . whether [a] defendant had subjective knowledge.'" *Wagener v. Hillstone Rest. Grp., Inc.*, 2022 WL 4079260, at *2 (C.D. Cal. Sept. 6, 2022) (quoting *Harris*, 425 F.3d at 697). To avoid the delay in removal, Plaintiff could have provided more information in the Complaint or attached documents to it, but he chose not to. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.").

Accordingly, Plaintiff's motion to remand is **DENIED**.[1]

DATED:   January 10, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 22, 2024, is hereby vacated and removed from the calendar.